CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CURTIS LYNN MORGAN, ) | |
| Petitioner, ) | Civil Action No. 7:05-CV-00636 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Curtis Lynn Morgan, a federal inmate proceeding pro se, brings this motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. Petitioner contests the validity of his 2004 conviction and sentence by this court. Respondent has filed a motion to dismiss based on a clause in petitioner's written plea agreement in which he expressly waived his right to file a § 2255 motion, and petitioner responded, making the matter ripe for the court's consideration. The court is unable to resolve petitioner's claim that his counsel failed to file a notice of appeal as requested and therefore orders an evidentiary hearing. The waiver bars all remaining claims in petitioner's § 2255 motion.[1]

## I. PROCEDURAL HISTORY

A grand jury for the Western District of Virginia, at Roanoke, returned a nine count indictment on June 19, 2003, charging petitioner with (1) conspiracy to possess with the intent to distribute and conspiracy to distribute cocaine base, cocaine, methamphetamine, methadone, heroin, oxycodone, hydrococone, diazpham, alparzolam, and marijuana; (2) use or possession of a firearm in furtherance of a drug trafficking crime taking place no later than May 2001; (3)

---

[1] The court also denies petitioner's two motions for discovery, as most of petitioner's claims are barred by his valid plea and waiver, and the discovery requests are irrelevant to the substance of the forthcoming evidentiary hearing.

-1-

manufacture and possession with the intent to distribute cocaine base;(4) possession with the intent to distribute and distribution of cocaine; (5) manufacture and possession with the intent to distribute and distribution of oxycodone; (6) carrying or being in possession of a firearm in furtherance of a drug trafficking crime; (7) possession of firearms as a convicted felon; (8) distribution or possession with the intent to distribute marijuana; and (9) using, carrying, or being in possession of a firearm in furtherance of a drug trafficking crime.

After consulting with counsel, petitioner plead guilty on March 5, 2004 to Counts One, Two, Eight, and Nine of the indictment. Pursuant to a written plea agreement, petitioner waived his right to appeal his conviction and collaterally attack his sentence under § 2255. During the Rule 11 colloquy, petitioner affirmed that he was forty years of age; that he could read, write, and understand the English language; and that he was not under the influence of any medication which would impair his understanding of the colloquy. The court questioned the petitioner, and established under oath that he understood the nature of the charges against him and the range of penalties those charges carried; that the court was not bound by the written plea agreement; that there was a factual basis for his guilty plea; that no promises had been made to him outside of those in the plea agreement; that his plea was made voluntarily, and without force or threats of any kind; that he was completely satisfied with the legal services rendered to him by counsel; that he had discussed the plea agreement and its potential effect upon his sentence with counsel; that he understood the terms of the plea agreement; that he was waiving his right to a jury trial; that pleading guilty to a felony would result in the loss of certain civil rights; that he would be sentenced according to the United States Sentencing Guidelines; and that if he was sentenced within the Guidelines, he would be waiving his right to appeal or collaterally attack his sentence or conviction. Following a pre-sentence investigation, the court sentenced the petitioner to 322

months and one day, with credit given for time served awaiting sentencing. There was no appeal.

Although petitioner waived his right to file a § 2255 motion in his written plea agreement, he now files a Motion to Vacate, Set Aside, or Correct Sentence under § 2255, alleging several instances of ineffective assistance of counsel. Specifically, petitioner claims that (1) he asked counsel to appeal his conviction and counsel did not; (2) counsel threatened to withdraw unless petitioner pled guilty; (3) counsel failed to adequately advise petitioner of the consequences of his plea agreement; (4) counsel made promises to petitioner that he did not keep; (5) counsel failed to negotiate a more favorable plea agreement; and (6) counsel encouraged petitioner to plead guilty to charges when he was actually innocent.

## II. DISCUSSION

### A. Petitioner's § 2255 Waiver is Valid.

Respondent argues that petitioner is not entitled to relief because he waived his right to appeal or collaterally attack his conviction and sentence. As to a majority of the claims, the court must agree.

The United States Court of Appeals for the Fourth Circuit has established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."[2] United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005). Only one of petitioner's claims falls within a recognized exception to a valid waiver; therefore, as long as petitioner's plea and waiver of collateral attack rights were "knowing and voluntary," and

---

[2] The Fourth Circuit has determined that a narrow range of exceptions exists in which § 2255 claims may be raised despite a defendant's waiver of the right to appeal or collaterally attack a sentence. Specifically, "[a]n express knowing waiver will not bar appeal of a sentence when the sentence was (1) imposed in excess of the maximum penalty provided by law or (2) based on a constitutionally impermissible factor, such as race." United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). See also United States v. Marin, 961 F.2d 493 (4th Cir. 1992); United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992). Additionally, a waiver will not prevent a defendant from raising a claim that he was wholly denied the assistance of counsel at some point after the plea. United States v. Attar, 38 F.3d 727, 732 (4th Cir 1994).

the remaining claims in his § 2255 motion must be dismissed.

The Supreme Court has stated that "'whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 2002), quoting Johnston v. Zerbst, 304 U.S. 458, 464 (1938). When a petitioner's § 2255 motion alleges that a waiver was not made knowingly and voluntarily, a court must examine the allegations along with the record of the Rule 11 colloquy to determine whether the § 2255 motion should be dismissed. Lemaster, 403 F.3d at 220. A court must be able to rely on statements made during a properly conducted Rule 11 colloquy. Statements made under oath "carry a strong presumption of verity" and present "'a formidable barrier in any subsequent collateral proceedings.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004), quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977). Therefore, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements . . . are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221, quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975). Except under extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. Claims unrelated to the voluntariness of petitioner's plea agreement or waiver are barred by a valid waiver. Id. at 219.

Review of the transcript of petitioner's Rule 11 colloquy clearly demonstrates that petitioner knowingly and voluntarily waived his right to file this § 2255 motion attacking his sentence. The plea agreement, which is initialed on each page by petitioner and signed by him on the final page, provides that he agrees "to waive [his] right to collaterally attack, pursuant to Title 28, United States

-4-

Case 7:05-cv-00636-JCT-mfu   Document 15   Filed 07/27/06   Page 4 of 9   Pageid#: 131

Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agr. at ¶ 11, March 5, 2004.) During the plea hearing, petitioner confirmed that he and his attorney had discussed the plea agreement and he fully understood the provisions to which he was agreeing. (Tr. 15) The court restated some of the terms of the plea agreement, including petitioner's agreement to waive certain civil rights: the right to appeal the judgment and sentence, the right to collaterally attack his sentence by filing a habeas corpus petition, and the right to a trial by jury. (Tr. 9, 15-16.) The prosecutor summarized the nature of the charges against petitioner. (Tr. 2.) The court explained the elements the government would have to prove in order to convict should petitioner choose to plead not guilty and proceed to trial and the maximum penalties associated with each count. (Tr. 2-13.) Petitioner then stated that he wanted to plead guilty.

> **The Court:** Now, Mr. Morgan, understanding all of these things we've just been discussing, the nature of the offenses to which you are charged, the elements that make up these offenses, the rights that you have if you plead not guilty, the rights that you give up when you enter a plea of guilty, the minimum mandatory, the maximum sentences for these offenses, the fact that they are subject to sentencing guidelines, the consequences of pleading guilty. When you consider all of these things, do you still want to plead guilty here this morning?
> **Mr. Morgan:** Yes sir, Your Honor.

The court also asked petitioner several questions to determine whether his plea was knowing, intelligent, and voluntary.

> "**The Court:** Now, other than the plea agreement that you have entered into with the government, other than that, has anyone made you any promises to get you to plead guilty, threatened you in any way to cause you to plead guilty?
> **Mr. Morgan:** No, they haven't, Your Honor.
> **The Court:** You tell me that when you ask me to accept your pleas of guilty, subject to the plea agreement, you're acting voluntarily of your own volition, free from threats, promises, compulsion or duress?
> **Mr. Morgan:** That's correct."

(Tr. 6.) Petitioner also confirmed that he was age forty; able to read, write and understand the English language; and not under the influence of any medication or substance which would inhibit his understanding of the proceeding. (Tr. 4)

-5-

Petitioner's testimony at the Rule 11 colloquy conclusively establishes that he understood the terms of his plea agreement and that his guilty plea was made knowingly and voluntarily. Therefore, absent extraordinary circumstances, claims contradicting petitioner's sworn statements must be dismissed.

Of petitioner's six ineffective assistance of counsel claims, only four allegations implicate the voluntariness of petitioner's plea agreement. Petitioner claims that (2) counsel threatened to withdraw unless petitioner plead guilty; (4) that counsel made promises to him that were not kept; and that (6) counsel encouraged him to plead guilty to charges when he was actually not guilty. In the face of the colloquy transcript, these three allegations are patently incredible. At the plea hearing, the court asked petitioner whether, when he entered his guilty plea, he was "acting voluntarily, of [his] own volition, free from threats, promises, compulsion or duress?" (Tr. 6.) Petitioner responded, "That's correct." (Tr. 6.) Because these three claims directly contradict petitioner's sworn testimony that his decision to plead guilty was made independently and freely, they must be dismissed.

Petitioner also alleges that (3) counsel did not adequately advise him of the consequences of his plea agreement. During petitioner's Rule 11 colloquy, however, he told the court that he and his attorney had gone over the plea agreement together and that he fully understood the provisions to which he was agreeing. (Tr. 15.) Further, when the court questioned petitioner to determine whether he had any complaints about counsel's handling of his case or whether he felt like there was anything counsel had failed to do, petitioner responded, "No, I don't." (Tr. 6.) The court also asked petitioner whether there was any element of the plea agreement that he felt like he did not fully comprehend. Petitioner stated, "No, sir." (Tr. 16.) Petitioner affirmed his understanding of the maximum penalties associated with the charges, as well as the fact that the court was free to sentence him up to the statutory maximum. (Tr. 10.) Petitioner's current claim, that he was unaware of the consequences

of his guilty plea, is inconsistent with statements he made under oath. Further, the Western District has held that a petitioner's allegation that he received a greater sentence than expected does not invalidate a valid § 2255 waiver when the he was sentenced within the range provided for by statute, the court has informed him of the maximum penalties associated with the charges, and when the court has determined that the guilty plea and § 2255 waiver were knowing and voluntary. Braxton v. United States, 358 F.Supp. 2d 497, 504 (W.D. Va. 2005).

Because petitioner's claims (2), (3), (4), and (6) attacking the voluntariness of his plea and waiver are directly contradicted by petitioner's sworn Rule 11 testimony, they must be considered "palpably incredible and patently frivolous or false," and cannot overcome the validity of petitioner's plea and waiver. Lemaster, 403 F.3d at 222.

## B. Under Lemaster, Claims Unrelated to the Validity of a § 2255 Waiver Must be Dismissed.

Petitioner also alleges in claim (5) that counsel was ineffective because he failed to negotiate a more favorable plea agreement. However, if a defendant's waiver of his right to bring a § 2255 motion is valid, then a subsequent motion claiming ineffective assistance of counsel is waived as long as the ineffective assistance of counsel claim does not bear on the validity of the plea or waiver itself. Id. at 220. Based on the record and Fourth Circuit precedent, petitioner's plea and § 2255 waiver are valid. Because claim (5) does not relate to the validity of his plea or waiver, it is waived.

## C. An Evidentiary Hearing Will be Held on Petitioner's Final Claim.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Although petitioner's plea agreement contained valid waivers of his right to appeal or collaterally attack, the waivers did not apply to his right to certain ineffective assistance of counsel claims. The Fourth Circuit has declared that a defendant's valid waiver of his right to appeal does not preclude his right

-7-

> "to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations."

United States v. Attar, 38 F.3d 727, 732 (1994). Petitioner's claim that counsel was ineffective for failing to file an appeal as requested pertains to a phase post-dating petitioner's execution of his waiver and sentencing hearing and alleges a violation of his right to counsel on appeal. See Id.; United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea."). Therefore, this claim falls outside the scope of the waiver.

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). See also Rodriquez v. United States, 395 U.S. 327 (1969) (stating that federal law has essentially made appeal from a District Court's judgment of conviction a right in a criminal case). This is because "a defendant has a right to pursue a direct appeal, even if frivolous." Frazer v. South Carolina, 430 F.3d 696, 705 (4th Cir. 2005) (quoting Anders v. California, 386 U.S. 738, 744 (1967)). When counsel's deficient performance has deprived a defendant of an appellate proceeding altogether, prejudice is presumed "because 'the adversary process itself' has been rendered 'presumptively unreliable.'" Flores-Ortega, 528 U.S. at 483 (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)). In such cases, the petitioner is under no obligation to show a reasonable probability of success on appeal. Rodriquez, 395 U.S. at 330.

Petitioner alleges that he asked counsel to file an appeal, and counsel replied, "Sorry you signed that option away, sorry about your luck." (Pet.'s Mot. 3.) If petitioner can prove that he

-8-

instructed his attorney to appeal, then he might be entitled to some relief. Therefore, the court will set this matter for an evidentiary hearing on this claim.

### III. CONCLUSION

Petitioner knowingly and voluntarily entered into a plea agreement that contained a valid collateral attack waiver. Consequently, respondent's motion to dismiss must be granted as to all claims except his claim (1) that counsel was constitutionally ineffective for failing to file a notice of appeal.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 27th day of July, 2006.

*/s/ James C. Turk*
Senior United States District Judge